## Seiber *versus* Oles.

1. A husband and wife, each seised of an undivided moiety of a tract of land by virtue of distinct conveyances to each, joined in a conveyance of one undivided moiety to a third person, who in turn conveyed to the husband alone:

*Held,* That the evident intention of these conveyances was to vest the whole title in the husband alone, although there was nothing to define which undivided moiety was meant.

2. One who claims title to the above property through the said husband has a marketable title, and can recover the purchase money from his vendee under articles of agreement.

May 27th, 1885. Before MERCUR, C.J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Juniata county:* Of January Term 1885, No. 249.

Covenant, by William S. Oles against Gideon H. Seiber, to compel the payment of purchase money alleged to be due from the defendant upon a sale of real estate.

Upon the trial, before BARNETT, P. J., the following facts appeared: Richard Bell died seised of the land in dispute, leaving a will, which was probated October 1st, 1823, wherein he made the following provision in regard to said land: " I allow my executors to sell to the best advantage, and convey the same as fully as I myself could now do the same, and the neat proceeds to distribute equally among my daughters, Martha, Rebecca, Mary and Sarah."

The daughters elected to take the land, and two of them, Martha and Rebecca, conveyed their interests, about the year 1825, to the other two, Mary and Sarah. Mary Bell married Evered Oles on May 4th, 1826, and on April 1st, 1831, Sarah with her husband, Armstrong Crozier, conveyed her interest to said Evered Oles, thereby vesting in Evered and Mary Oles each an undivided moiety of the tract.

Evered Oles and Mary his wife, by their indenture dated

the 29th October, 1831, duly acknowledged and recorded on the 13th August, 1833, for the consideration of $1,600 sold and conveyed "one undivided moiety or half part" of this same land to Jacob A. Christy; and Jacob A. Christy by simultaneous indenture, recorded on the same 13th August, 1833, and for the same consideration sold and conveyed "one undivided moiety or half part" of the same tract of land to Evered Oles.

Evered Oles continued to hold possession until his death on March 30th, 1877: Mary, his widow, died on April 7th, 1877; they left no issue. By his will Evered Oles devised the property in dispute to William S. Oles in fee. The said William S. Oles, by articles of agreement, covenanted to sell and convey this land to Gideon H. Seiber. The defendant, Seiber, refused to accept the deed tendered upon the ground that the plaintiff had not a marketable title. Plaintiff then brought this action.

The court charged the jury, *inter alia*, as follows: We prefer to say to you, therefore, as we now unhesitatingly do, that, according to the plain intent of the parties thereto, the simultaneous deed of the 29th October, 1831, conveyed to Evered Oles a good and sufficient title; so that thenceforth he was sole owner of the entire title to the land so devised as aforesaid formerly from Richard Bell. If, however, there could be any room for doubt as to the propriety of this instruction, then, certainly, the principles of estoppel and construction contended for by plaintiff, that a deed must be taken most strongly against the grantors, and the Statutes of Limitation are in aid of the plaintiff's title; and we feel more completely satisfied that the plaintiff's title is indubitable, and that your verdict should be in his favor."

Verdict for plaintiff for $8,712.22, and judgment thereon. Defendant then took this writ assigning for error, *inter alia*, the portion of the charge above quoted.

*Ezra D. Parker*, for plaintiff in error.—The deed of Evered Oles and Mary Oles, his wife, of October 29th, 1831, to Jacob A. Christy is, on the face of it, clear, perfect and intelligible in the conveyance of the "one undivided moiety, or half part, of the following described tract of land, . . . . . containing 131 acres and 108 perches therein." A difficulty arises from the fact that, at the time of the execution and delivery of this deed, Evered Oles and Mary Oles, his wife, each was the owner of the one undivided moiety, or half part of the whole tract. This produces a latent ambiguity as to which moiety, that of the husband, or that of the wife, or a moiety composed

of the half part of the interests of the husband and wife was intended to be conveyed.

We contend that from the deed itself, by no reading, language, rule of interpretation or construction, by description or recital, can the intent be ascertained, whether it was the moiety of the wife or of the husband that was conveyed to Jacob A. Christy; that the deed is incurably uncertain in its double application to the moiety, estate or subject matter of the grant, and that the law cannot enforce it against one grantor to the prejudice of the other by declaring which moiety was conveyed: 2 Parsons on Contracts, 72; Miner's Appeal. 11 P. F. S., 283.

Plaintiff's title was not marketable, and hence he ought not to recover: Herzberg v. Irwin, 11 Norris, 48; Nicol v. Carr, 11 Casey, 381.

*B. F. Junkin* (*Jeremiah Lyons* with him), for defendant in error.—It is a canon of construction that a deed must be taken most strongly against the grantor, and, as this is the separate deed of each in the eye of the law, the largest estate that either grantor has in the lands conveyed shall be intended as meant to be conveyed: Sheppard's Touchstone, 98.

It cannot be that Oles could claim against his deed to Christy; he is estopped because he cannot say that it was not his half which was conveyed. And Mrs. Oles (being competent to convey under the Act of 1770) is estopped for the same reason, for she cannot say that it was her husband's one half and not her one half that was conveyed. Thus both are estopped.

The deed to Christy must be interpreted to mean something, the law not imputing a vain thing to the acts of the parties to an instrument conveying title; if one construction is sensible and promotes a desirable object, and the other a vain, insensible, useless result, the law adopts that which is sensible. Then if it was to be held that Mrs. Oles joined in the deed to Christy simply to convey her dower in her husband's one half, that dower was instantly restored or reinstated by the re-conveyance by Christy to her husband. This would be foolish and futile.

Mr. Justice STERRETT delivered the opinion of the court, October 5th, 1885.

Prior to October 29th, 1831, Evered Oles and Mary his wife each separately acquired title in fee to an undivided moiety of a certain farm of which Richard Bell, Mrs. Oles' father, died seised in 1823. On that day Oles and wife united in a deed conveying an undivided moiety of the farm to Jacob

A. Christy, Esq., who by deed of even date and for same consid-eration conveyed the same undivided moiety to Evered Oles, one of his vendors. After continuing in possession over forty-five years, Oles devised the farm to his nephew, William S. Oles, who afterwards bound himself to convey the same in fee to plaintiff in error. In this action of covenant, brought by William S. Oles for purchase money, the only defence is that neither the devisor nor his devisee was ever sole seised of the land, and hence the latter is unable to convey accord-ing to the terms of his contract. It is contended there is nothing in the deed of Oles and wife to Christy, nor any evi-dence *dehors* the deed, from which it can be determined what moiety was conveyed or intended to be conveyed ; in other words, there is nothing to indicate with sufficient certainty whether it was the undivided moiety owned by Mrs. Oles in her own right, or that which her husband appears to have acquired by purchase from his sister-in-law, Mrs. Crozier, or whether it was an undivided moiety composed of half the separate interests of each.

If the deed of October 29th, 1831, vested in Christy the undivided moiety which Mrs. Oles had separately acquired under the will of her father and by conveyance from two of her sisters, it is conceded that her husband by virtue of the deed from Christy became sole owner in fee of the land, and hence the title of his devisee is perfect. The learned president of the Common Pleas so construed the deeds and directed a verdict in favor of plaintiff below for the unpaid purchase money. In this we think he was clearly right. It cannot be presumed the parties to the first mentioned deed intended to do a vain and utterly useless act, as would have been the case had they conveyed the undivided moiety of the husband to Christy to be by him immediately reconveyed to his vendor. On the other hand, if they intended to vest the entire title in the husband, we can readily understand why the wife's moiety should be first vested in Christy and then conveyed by him to Mr. Oles. This construction of the deed also harmonizes with the recitals of title therein contained. After describing the farm by courses and distances, it is in substance declared to be the same land of which Richard Bell died seised, testate, etc., and which became vested, as to one moiety thereof, in his daughter Mrs. Oles, and, as to the other moiety, in her sister, Mrs. Crozier, thus tracing title, as to one moiety, into Mrs. Oles, one of the vendors, and, as to the other, into Mrs. Crozier, a stranger to the conveyance in question. The deed is entirely silent as to any personal interest of Mr. Oles in the land, and it is only by resorting to the deed of Mrs. Crozier and her husband that we are informed of the previous pur-

[Gill v. Weston.]

chase by Oles of her undivided moiety of the farm. By thus reciting title in Mrs. Oles to the exact interest conveyed, and virtually ignoring title in her husband, the vendors indicated their intention to convey the undivided interest of the wife, and we have no doubt such was the fact. This view is further sustained by the fact that Mrs. Oles signed the receipt for purchase money.

In some exceptional cases, extrinsic evidence may be offered to show the intent of grantors in a deed of conveyance, but when, as in the case before us, their intention is expressed with sufficient clearness in the deed itself, evidence of extraneous facts is inadmissible. Such evidence was neither offered nor required in this case. We are satisfied the deed of Oles and wife to Christy was properly construed in accordance with the general rule that a deed must be construed *ex visceribus suis*.

It is claimed that unpaid charges and incumbrances on the land under the will of Evered Oles, which were overlooked by the court, should be paid out of the purchase money. If there is any error in that regard, it is merely clerical, and will be corrected by the court below. The learned counsel for defendant in error have declared their willingness to make the necessary correction.

Judgment affirmed.