MEI BIN CHEN, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES.

No. 08–3961.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 12, 2010.

Opinion filed Feb. 17, 2010.

Tina Y. Howe, Esq., New York, NY, for
Petitioner.

Regina Byrd, Esq., Steven F. Day, Esq.,
Leah V. Durant, Esq., Thomas W. Hussey,
Esq., United States Department of Justice
Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: SLOVITER, JORDAN and
GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Mei Bin Chen petitions for review of a
decision rendered by the Board of Immigration Appeals ("BIA") on August 25,
2008. For the reasons that follow, we will
dismiss in part and deny in part the petition for review.

I. *Background*

Because we write solely for the benefit
of the parties, we will set forth only those
facts necessary for analysis. Chen is a
native and citizen of China. She entered
the United States illegally on June 13,
2006, and was served with a notice to
appear two days later. Chen conceded removability and applied for asylum, withholding of removal, and protection under
the Convention Against Torture ("CAT"),
claiming that she suffered past persecution
and fears future persecution and torture in
China because she is Catholic. Specifically, Chen claimed that she joined an unregistered Catholic church after her mother
died in 2000. In May 2006, when re-

turning from a trip to purchase Bibles for her church, Chinese authorities arrested her. Chen claimed she was detained for three days, during which time the authorities cut her hand with a razor, pulled her hair, and denied her water. She fled China shortly thereafter.

After a hearing on June 11, 2007, the Immigration Judge ("IJ") concluded that Chen was not a credible witness. The IJ also held that, even if Chen had been credible, she failed to meet her burden of proof. The IJ denied relief and ordered Chen's removal.

Chen appealed to the BIA, arguing that the IJ abused her discretion in reaching the adverse credibility determination. *See* A.R. 6 ("The only issue presented in this appeal is whether Hon. Immigration Judge Reichenberg seriously abused her discretion in finding the respondent not credible despite the substantial and overwhelming evidence that dictates otherwise."). On August 25, 2008, the BIA rendered a short opinion dismissing Chen's appeal. The BIA concluded that Chen failed to show that the factual findings underlying the IJ's adverse credibility determination were clearly erroneous. Accepting the IJ's findings of fact, the BIA adopted and affirmed the IJ's decision "to the extent it [was] challenged on appeal."

This timely counseled petition for review followed.

## II. *Analysis*

We generally review only final orders of the BIA. *See Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir.2005); *Abdulai v. Ashcroft*, 239 F.3d 542, 548–49 (3d Cir.2001). However, where the BIA adopts the IJ's reasoning and discusses some of the bases of the IJ's decision, we also review the IJ's order. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir.2004). We review legal conclusions *de novo, see Ezeagwuna v. Ashcroft*, 325 F.3d 396, 405 (3d Cir.2003), and uphold

factual determinations if they are supported "by reasonable, substantial and probative evidence on the record considered as a whole." *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir.2004). Ultimately, for Chen to succeed on her petition for review, this Court "must find that the evidence not only *supports* that conclusion [that the application should have been granted], but *compels* it." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

### A.

We review adverse credibility determinations for substantial evidence. *Chen,* 376 F.3d at 221–22. We will affirm if the determination is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002). To reverse, the evidence of Chen's credibility must be so strong "that in a civil trial [s]he would be entitled to judgment on the credibility issue as a matter of law." *Chen,* 376 F.3d at 222.

We have closely reviewed the adverse credibility determination made by the IJ and affirmed by the BIA and conclude that it rests upon substantial evidence. The IJ specifically noted a number of serious inconsistencies and implausibilities, including, *inter alia:*

(1) Chen testified several times that she joined the unregistered Catholic church after her mother died. *See, e.g.,* A.R. 153. Initially, she provided a statement in support of her application stating that her mother died on July 16, 2000. A.R. 413. This matched a statement from her priest showing that Chen joined her church on July 16, 2000. A.R. 366. However, before her hearing, Chen made a handwritten correction to her statement to change the date of

her mother's death to September 2000. A.R. 413 *Id.; see also* 111. This matched a death certificate showing that Chen's mother died on September 7, 2000. A.R. 344; A.R. 175 ("Yes, my mother passed away September 7th."). The IJ observed that, with the change, the chronology was no longer consistent; if Chen joined the church in July 2000, then, contrary to her testimony, she joined several months *before* her mother died. *See* A.R. 172 ("Q. When did you begin attending his services? A. When? I think July 16th. Q. Of what year? A. 2000. Q. That would be before your mother died then, right, ma'am? A. After her passed away.").

(2) Chen testified that she fled China on May 20, 2006, five days after her release from prison. A.R. 167. However, she did not adequately explain how she was able to raise the money for her trip, arrange a smuggler, obtain a passport, and make other necessary arrangements in such a short period of time. In addition, Chen's testimony was not consistent with her prior statement made during her airport interview, in which she stated that she left China on June 5, 2006.[1] A.R. 252.

(3) Chen's asylum application did not include her claim that she was cut with a razor while detained by Chinese police, even though that was the most serious act of mistreatment she claimed to have suffered while in detention. *See* A.R. 413.

(4) Chen testified that her brother had mailed her copies of two summonses issued by the Chinese police for her arrest. Although they had been mailed separately, she claimed both had been lost. *See* A.R. 164, 398. However, many other documents mailed by her brother and her other relatives arrived successfully.

Chen contends these are "minor [in]consistencies" that cannot support the IJ's findings. We disagree. These are specific and cogent reasons for concluding that Chen lacked credibility, and many go to the "heart" of her claims.[2] *See Berishaj v. Ashcroft*, 378 F.3d 314, 323 (3d Cir.2004). Accordingly, we will deny the petition for review to the extent it challenges the adverse credibility determination.

1. Chen argues that the IJ gave undue weight to Chen's airport statement. However, the inconsistencies between Chen's airport statement and testimony did not provide the sole basis for the adverse credibility determination. *Cf., Balasubramanrim v. INS*, 143 F.3d 157, 164 (3d Cir.1998) (holding that inconsistencies between hearing testimony and an airport statement are not sufficient, standing alone, to support an adverse credibility determination). Chen also argues that the IJ failed to establish that the statement was reliable because "the IJ failed to ascertain whether the petitioner adequately understood the questions put to [h]er at the border." Petitioner's Brief at 11. As a factual matter, this lacks merit. The record reflects that Chen was provided a telephone interpreter during the airport interview. A.R. 140.

2. Prior to May 2005, an adverse credibility determination could only be based upon inconsistencies that went to the "heart" of the individual's claim. *See Chukwu v. Att'y Gen.*, 484 F.3d 185, 189 (3d Cir.2007). The REAL ID Act, which applies to Chen, modifies that standard by providing that "credibility determinations may be made 'without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.'" INA § 208(b)(1)(B)(iii) [8 U.S.C. § 1158(b)(1)(B)(iii)]. This Court has not yet addressed the new provision. However, the change is irrelevant here because the credibility problems are sufficiently consequential to meet the pre-REAL ID Act standard.

## B.

Moreover, even without regard to the adverse credibility determination, there is no basis to grant Chen's petition for review. Chen failed to appeal the IJ's alternative grounds for denying relief: that Chen failed to meet her burden of proof.[3] This unchallenged aspect of the IJ's decision is fatal to Chen's claim.

In her brief to the BIA, Chen expressly limited her challenge only to the IJ's adverse credibility finding. A.R. 6 ("The only issue presented in this appeal is whether Hon. Immigration Judge Reichenberg seriously abused her discretion in finding the respondent not credible despite the substantial and overwhelming evidence that dictates otherwise."). To the extent Chen attempts to claim in her petition for review that she satisfied her burden of proof, we will dismiss this unexhausted claim for lack of jurisdiction. *See* INA § 242(d)(1) [8 U.S.C. § 1252(d)(1) ]; *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir.2005).

Chen attempts to excuse her failure to exhaust administrative remedies by proposing that she was not required to raise every claim in her appeal to the BIA.

"Issue exhaustion," she contends, is not a jurisdictional prerequisite.[4] However, we have expressly held that "an alien is required to raise and exhaust his or her remedies as to *each claim or ground for relief* if he or she is to preserve the right of judicial review of that claim." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003) (emphasis added). Chen failed to exhaust her administrative remedies as to the claim that she satisfied her burden of proof to qualify for relief. Accordingly, the issue is not properly before us and we will dismiss it for lack of jurisdiction.

## III. *Conclusion*

For the foregoing reasons, we will dismiss the petition for review to the extent we lack jurisdiction over Chen's claims. We will deny the petition for review in all other respects.

___

**3.** To be granted asylum, Chen was required to show that she is "unable or unwilling to return to [China] ... because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A) ]; INA § 208 [8 U.S.C. § 1158]. For withholding of removal, Chen had to demonstrate that her life would more likely than not be threatened in China based on one of these protected grounds. INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A) ]. Finally, for relief under the CAT, Chen had to show that she would more likely than not be tortured if removed to China. 8 C.F.R. § 208.16(c)(2).

**4.** In support, Chen relies upon *Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000), a Supreme Court decision concerning administrative exhaustion requirements in Social Security proceedings. The *Sims* court recognized that, where issue exhaustion is not statutorily required, such a requirement may be judicially imposed if the administrative proceedings in question are analogous to traditional adversarial litigation. *Id.* at 2084. Contrary to Chen's argument, immigration proceedings are analogous to adversarial litigation and, accordingly, issue exhaustion is appropriate under *Sims.* Chen also cites a decision by the Court of Appeals for the Fifth Circuit, *Haitian Refugee Center v. Smith*, 676 F.2d 1023, 1034 (5th Cir.1982), to argue that issue exhaustion is a matter of discretion and may be waived. However, Chen provides nothing to support her request for the exercise of such discretion.